UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Brian Lee Firkins                                          Docket Number: 05-cr-00492-REB

**Petition on Supervised Release**

      COMES NOW, Christine A. Zorn, probation officer of the court, presenting an official report upon the conduct and attitude of Brian Lee Firkins who was placed on supervision by the Honorable Kathleen Cardone sitting in the court at Western District of Texas, on the 23rd day of November, 2004, who fixed the period of supervision at 3 years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.     The defendant shall perform 200 hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the term of supervision.

On November 4, 2005, jurisdiction of this case was transferred from the Western District of Texas to the District of Colorado.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the modification of the defendant's conditions of supervised release to include a special condition requiring defendant to be placed on home detention for a period of four months. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

      ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 25th day of August, 2006, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/Christine A. Zorn |
| | Christine A. Zorn<br>Senior U.S. Probation Officer |
| s/ Robert E. Blackburn | |
| Robert E. Blackburn<br>U.S. District Judge | Place: District of Colorado |
| | Date: August 22, 2006 |

PROB 12
(02/05-D/CO)

# ATTACHMENT

Attached here to as <u>Exhibit A</u> and incorporated by reference is a true copy of the conditions of Supervised Release signed by the defendant on August 11, 2005, October 24, 2005, and again on August 22, 2006, acknowledging that the conditions have been read to him, that he fully understood the conditions, and that he was given a copy of them. The term of supervised release commenced on August 11, 2005.

Attached here to as <u>Exhibit B</u> and incorporated by reference is a signed statement executed by the defendant and defense counsel which waives the right to hearing and agrees to the proposed modification of the defendant's conditions of supervised release.

The defendant has admitted violating the following conditions of supervised release.

> Standard Condition No. 2:
>
> The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.
>
> Standard Condition No. 3:
>
> The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.
>
> Special Condition No. 1:
>
> The defendant shall perform 200 hours of community service work without pay, at a location approved by the Probation Officer, at a minimum rate of hours per week, to be completed during the term of supervision.

This petition is based on the following facts:

On or about December 19, 2005, the defendant submitted a written report which indicated that he completed five hours community service at Trinity Assembly in Greeley, Colorado. The Probation Office was unable to verify the submitted hours due to the fact that the church does not keep a record of volunteer hours.

On or about January 3, 2006, the defendant submitted a written report which indicated that he completed three and a half hours at ARC located at 2401 West 27th Street, Greeley, Colorado. On August 21, 2006, ARC, Volunteer Coordinator, Renee Rebeterano was unable to verify the defendant completed three and a half hours on November 30, 2005.

The defendant reported he completed his community service at the Evans Humane Society located at 1620 42nd, Evans, Colorado 80620, and submitted monthly community service reports on the followings dates. On or about February 2, 2006, the defendant submitted a written report which indicated that he completed five hours of his community service. On or about March 6, 2006, the defendant submitted a written report which indicated that he completed 24 hours of his community service hours. On or about April 4, 2006, the defendant submitted a written report which indicated that he completed 36 hours of his community service. On or about May 3, 2006, the defendant submitted a written report which indicated that he completed 42 hours of his community service. On or about June 6, 2006 the defendant submitted a written report which indicated that he completed 39 of his community service. On or about July 6, 2006, the defendant submitted a written report which indicated that he completed 34.5 hours of community service, completing his 200 hours.

PROB 12
(02/05-D/CO)

On August 11, 2006, the probation officer called the Evans Humane Society and spoke with Executive Director, Elaine Hicks, who advised the defendant was not listed as a volunteer at their facility.

On August 14, 2006, the defendant was asked which Humane Society he completed his community service at and who he had contact with at the facility. The defendant provided a physical address and advised he had contact with Jamie Davis, Julie Wilson, and Holly LNU. The defendant stated he worked his community service hours in the evenings after the facility closed at 7:00 p.m.

On August 17, 2006, the probation officer faxed the monthly community service report submitted by the defendant and was advised by Executive Director, Elaine Hicks that all the documents faxed to her are false. Ms. Hicks advised volunteers are not allowed to complete the type of tasks listed on the defendant's monthly report. She stated volunteers are not allowed to bathe the animals or administer pills. Ms. Hicks advised she and the night manager are the only two individuals who have keys to the facility and the security alarm code. She stated no one is allowed in the facility after hours and it would have been impossible for another employee to have access to the building without her knowledge or permission. She further advised the official was authorized the defendant's hours has never worked for their organization.

On August 21, 2006, the defendant was confronted about the inconsistent information and that while he lied at first, he later admitted that he knowingly submitted false community service reports each month, both verbally and in writing with his written monthly reports.

Despite the above violations, I do think the defendant has made some positive changes to his life as far as remaining drug-free, maintaining full-time employment, and completing drug/alcohol treatment at The Villa located at 555 18th Street, Greeley, Colorado. Based on the above information, it is recommended that he be placed on home detention for a period of 4 months to begin at the direction of the probation officer.